T.C. Summary Opinion 2004-167


UNITED STATES TAX COURT


JACOB R. AND JACKIE L. BOUCH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 16318-02S.               Filed December 6, 2004.

Jackie L. Bouch, pro se.

<u>Fred E. Green, Jr.</u>, for respondent.


COUVILLION, <u>Special Trial Judge</u>:  This case was heard pursuant to section 7463 in effect when the petition was filed.[1] The decision to be entered in this case is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]  Unless otherwise indicated, section references hereafter are to the Internal Revenue Code in effect for the year at issue.

Respondent determined a deficiency in petitioners' Federal income tax for 1999 in the amount of $2,540 and the accuracy-related penalty under section 6662(a) in the amount of $508.

At trial, respondent conceded the accuracy-related penalty under section 6662(a).  The issues for decision are:  (1) Whether petitioners are entitled to dependency exemption deductions under section 151 for the two children of petitioner Jackie L. Bouch's prior marriage, and (2) whether petitioners are entitled to the child tax credit under section 24.

Some of the facts were stipulated.  Those facts, with the exhibits annexed thereto, are so found and are made part hereof.  Petitioners' legal residence at the time the petition was filed was Reno, Nevada.

Jackie L. Bouch (petitioner) was previously married to John R. Harris.  Two children were born of that marriage, James Harris and Jack Harris.  Petitioner and Mr. Harris were divorced on May 25, 1988.  Petitioner thereafter married petitioner Jacob R. Bouch, and the two filed a joint Federal income tax return for 1999.  On that return, petitioners claimed the two children of petitioner's prior marriage as dependents and claimed the child tax credit under section 24 with the two children as qualifying children.  In the notice of deficiency, respondent disallowed the dependency exemption deductions and the child tax credit.

The divorce decree of May 25, 1988, contained no provision relating to custody of the two children, nor any provision for child support. However, the divorce decree, by reference, incorporated a marital and property settlement agreement between petitioner and her former spouse. That agreement provided that petitioner "shall take the minor children as dependents for tax purposes". The marital and property settlement agreement was not entered into evidence at trial, except for the one page of the agreement relating to the dependency exemption deductions. During 1999, petitioner's former spouse petitioned the divorce court to compel petitioner (his former wife) to produce certain financial information regarding her income and to decree that petitioner's former spouse was entitled to the dependency exemption deductions for the two children for tax years 1997 and 1998. The divorce court denied that latter request but granted the request of the former spouse for the production, by petitioner, of the financial information requested in the motion. Following the production of this information by petitioner the divorce court, by order dated May 16, 2000, concluded that petitioner's two children had been living with their father since January 1999; that petitioner had not paid or contributed any support for them; that their father (petitioner's former spouse) was their primary custodian; and that, therefore, petitioner's former spouse was entitled to claim the two children as

dependents for Federal income tax purposes. The court further ordered petitioner to pay child support of $950 per month and held that petitioner was additionally liable for $9,350 in arrearages for past due child support.

Section 151(c) allows taxpayers to deduct an annual exemption amount for each dependent as defined in section 152. Under section 152(a), the term "dependent" means certain individuals, such as a son, daughter, stepson, or stepdaughter, "over half of whose support, for the calendar year in which the taxable year of the taxpayer begins, was received from the taxpayer (or is treated under section (c) or (e) as received from the taxpayer)".

The support test in section 152(e)(1) applies if: (1) A child receives over half of his support during the calendar year from his parents; (2) the parents are separated under a written separation agreement or live apart at all times during the last 6 months of the calendar year; and (3) such child is in the custody of one or both of his parents for more than one-half of the calendar year. If these requirements are satisfied, the "child shall be treated, for purposes of subsection (a), as receiving over half of his support during the calendar year from the parent having custody for a greater portion of the calendar year (* * * referred to as the 'custodial parent')", sec. 152(e)(1)(B), thus

allowing the dependency exemption deduction to be claimed by the "custodial parent".

Section 1.152-4(b), Income Tax Regs., provides that custody will be determined by the terms of the most recent decree of divorce or separate maintenance, or subsequent custody decree, or, if none, a written separation agreement. If neither a divorce decree nor written separation agreement establishes who has custody, custody will be deemed to be with the parent who has physical custody of the child for the greater part of the calendar year. In this case, the May 25, 1988, divorce decree did not contain any provision regarding custody of the children. Consequently, the custodial parent is the one who, between petitioner and her former spouse, had physical custody for the greater part of the year. In this respect, the court order of May 16, 2000, establishes that petitioner's former spouse, John Harris, had physical custody of the children from January 1999 and, therefore, was the custodial parent. Petitioner's former spouse, therefore, is entitled to the dependency exemption deduction for the two children under section 152(e)(1) unless one of the exceptions of section 152(e)(2), (3), or (4) applies. The only possible exception that conceivably could apply would be the exception provided under section 152(e) relating to the release of the claim to the exemption for the year by the custodial parent. To satisfy the requirements of a release, the custodial

parent must sign a written declaration that the custodial parent will not claim the child as a dependent on his or her income tax return, and the noncustodial parent attaches such written declaration to the income tax return of the noncustodial parent for the taxable year.  Sec. 152(e)(2).  Petitioner's former spouse did not release his claim to the dependency exemption for the two children, and petitioner, as the noncustodial parent, did not attach any release of such claim to her 1999 joint Federal income tax return.  Petitioner, thus, does not satisfy the requirements of section 152(e)(2).  The Court, therefore, sustains respondent's disallowance of the dependency exemptions to petitioners for 1999.

The second issue is whether petitioners are entitled to the child tax credit under section 24.  For the year at issue, section 24 allowed a credit against the tax of $500 for each qualifying child under the age of 17.  In general, a qualifying child is an individual for whom the taxpayer can claim a dependency exemption and is the son or daughter of the taxpayer.  Petitioners claimed the credit on their 1999 return for petitioner's two sons as qualifying children.  The credit was disallowed in the notice of deficiency.  Respondent is sustained on this issue because petitioners were not entitled to the dependency exemption deductions for the two sons for 1999.

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered for respondent as to the deficiency and for petitioners as to the penalty.